390 A.2d 1323

Elva M. NOVELLI, Frank Linelli, William Poloka, Harald Brinke, Michael Halyko, Donald Bigley and Vincent McStay, Indiv., and on behalf of all persons similarly situated, Appellants,

v.

PANCOAST PERSONNEL, INC., Snelling and Snelling, Charles Anthony Rawa t/d/b/a Anthony Associates, R. E. Lowe and Associates, Inc. t/d/b/a Shilowe Personnel Systems, George T. Moray t/d/b/a Career Personnel Service, Interstate Business Systems, Inc., and Joseph Wroble t/d/b/a Snelling and Snelling and June Franell t/d/b/a Franell Personnel Consultants, Appellees.

Susan SAUERS, Individually, and on behalf of all persons similarly situated, Appellant,

v.

PANCOAST PERSONNEL, INC., Snelling and Snelling, Charles Anthony Rawa t/d/b/a Anthony Associates, R. E. Lowe and Associates, Inc. t/d/b/a Shilowe Personnel Systems, George T. Moray t/d/b/a Career Personnel Service, Interstate Business Systems, Inc., and Joseph Wroble t/d/b/a Snelling and Snelling, and June Franell t/d/b/a Franell Personnel Consultants, Appellees.

Superior Court of Pennsylvania.

Argued Nov. 15, 1977.

Decided July 12, 1978.

Joseph M. Zoffer, Pittsburgh, for appellants.

Paul G. Kachulis, Pittsburgh, for appellees.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

The question presented is whether appellants must pay 100% of the fee charged by appellee for finding employment for appellants, or only 10% of the amount appellants earned. The lower court held, 100%. Whether this was correct depends upon the interpretation to be given to the Employment Agency Law, Act of July 31, 1941, P. L. 616, § 20, added 1972, Oct. 16, P. L. 917, No. 220, § 6, 43 P. S. § 535, *et seq.,* and the Regulations of the Pennsylvania Department of Labor and Industry, 34 Pa. Code § 9.11 *et seq.*

The pertinent section of the Act provides:

> For a position known to be of a duration of ten (10) weeks or less or *for a position that the applicant loses within a period of ten (10) weeks* after the starting date, the fee will be a maximum of ten (10%) percent of the amount earned, *except if the applicant fails to report as agreed or resigns to accept employment elsewhere, then the agency shall be entitled to its full fee.*

43 P. S. § 574(m) (emphasis added).

The Regulations provide that an applicant "loses" a position when

> [a]n applicant has *voluntarily or involuntarily* terminated employment within ten weeks from the starting date. 34 Pa. Code § 9.11(a) (emphasis added).

Appellants voluntarily left the employment found for them by appellee, and did so within ten weeks; they argue that therefore appellee is entitled to a maximum fee of 10% of the amount they earned. Appellants acknowledge that in certain situations appellee would be entitled to retain 100% of its fee, but they argue that there are only two such situations: when an applicant "fails to report as agreed" (which appellants did not do); and when an applicant "resigns to accept employment elsewhere" (which appellants did not do either; they resigned, but not to accept employment elsewhere). The lower court rejected appellants' argument, holding that "loses" means to be "deprived of something, in an involuntary manner", Slip Opinion at 18; thus, the court concluded:

Voluntarily leaving a position, absent reasonably compelling cause, is not "a position that the applicant loses." The representative [appellants] in both actions and those similarly situated, voluntarily left the positions in which they were placed, without reasonably compelling cause, within ten weeks of placement and having done so did not lose their positions. Accordingly, the [appellees] in both actions are not required to refund any portion of the fee to the applicant or refrain from claiming, collecting or enforcing collection legally [of] the full fee from the applicant where it has not been paid.

Slip Opinion at 20.

We cannot agree with this interpretation, and therefore reverse.

–1–

█ Section 574(m) of the Act is clear. The general rule stated is that where an applicant loses his employment within the first ten weeks, the maximum fee the employment agency may charge is 10% of the amount earned. If this were all that were stated, one might wonder what "loses" meant. However, the "except" clause immediately following the statement of the general rule shows that "loses" means *all* termination of employment "except" in two situations: when "the applicant fails to report as agreed," or when "[the applicant] resigns to accept employment elsewhere."

Section 3 of the Pennsylvania Consolidated Statutes Act, Act of Nov. 25, 1970, P. L. 707, No. 230, added 1972, Dec. 6, P. L. 1339, No. 290, 1 Pa.C.S.A. § 1901 *et seq.*, provides:

§ 1921 Legislative intent controls

(a) The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. *Every statute shall be construed, if possible, to give effect to all of its provisions.*

(b) *When the words of the statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.*

454

(c) *When the words of the statute are not explicit,* the intention of the General Assembly may be ascertained by considering, among other matters:

(1) The occasion and necessity for the statute.

(2) The circumstances under which it was enacted.

(3) The mischief to be remedied.

(4) The object to be attained.

(5) The former law, if any, including other statutes upon the same or similar subjects.

(6) The consequences of a particular interpretation.

(7) The contemporaneous legislative history.

(8) Legislative and administrative interpretations of such statute.

1 Pa.C.S.A. 1921 (emphasis added).

Here, "the words of [Section 576(m)] . . . are clear and free from all ambiguity"; thus the lower court's interpretation is counter to the mandate that "the letter of [a statute] is not to be disregarded under the pretext of pursuing its spirit."

–2–

However, if we assume for the sake of argument that "the words of [Section 574(m)] are not explicit", 1 Pa.C.S.A. § 1921(c), the legislative history of the statute supports appellants' position that the legislature intended to make only two limited exceptions to the general ten percent rule. 1 Pa.C.S.A. § 1921(c)(7).

Prior to final passage of Section 574(m), Section 20(m) of Senate Bill 1379, Printer's No. 2114, as reported from the Committee on Business and Commerce, House of Representatives, as amended, September 20, 1972, provided in pertinent part:

Section 20 . . ..

(m) . . ..

For a position known to be of a duration of ten (10) weeks or less or for a position that the applicant loses through no fault of his own within a period of ten (10)

weeks after the starting date, the fee will be a maximum of ten (10%) percent of the amount earned, EXCEPT IF THE APPLICANT FAILS TO REPORT AS AGREED OR RESIGNS TO ACCEPT EMPLOYMENT ELSEWHERE, THEN THE AGENCY SHALL BE ENTITLED TO ITS FULL FEE.

Thus, the final amendment to Section 574(m) before passage deleted the words "through no fault of his own" and added the passage setting forth the two limited situations in which the employment agency was entitled to its full fee rather than a maximum of ten percent of the amount earned. This amendment refutes the lower court's conclusion that the applicant owes the full fee unless he leaves, his position involuntarily, *i. e.,* "through no fault of his own."

To state the point in other words: As an initial proposition, that is, to put oneself in the position of a legislator, it is arguable that an applicant should be required to pay the employment agency its full fee whenever the agency finds him employment. However, one will at once realize that this may be too harsh on the employee, and too generous to the agency, and that some exceptions should be made. The first exception that one will think of will be if the applicant becomes ill, or otherwise loses his employment "through no fault of his own." But then one will think of other possible situations that should be treated as exceptions, among them when the applicant finds that the employment is not what it was represented to be, or for some other reason seems undesirable. What to do then? Plainly, the legislature struck a compromise. It did not wish to be too harsh on the applicant, and excuse him from paying the agency's full fee *only* if he lost his employment "through no fault of his own"; but neither did it wish to be too easy on the applicant, and too hard on the agency. Accordingly, the legislature deleted the phrase "through no fault of his own". Thereby at first it seemed to give the applicant complete ability to limit the agency's fee to 10% of the amount earned; but then, by the "except" clause, it showed its intention to be that that ability should after all not be

complete, and that in the two limited situations described the applicant would have to pay the agency's full fee.

–3–

Appellants' position is also supported by the Regulations. Assuming again for the sake of argument that "the words of [Section 574(m)] are not explicit", reference to regulations promulgated pursuant to statutory authorization is appropriate to determine legislative intent. 1 Pa.C.S.A. § 1921(c)(8).

The "Forward" (sic) to the Regulations states:

In accordance with the duties imposed upon the Department of Labor and Industry by Act No. 261, July 31, 1941, P.L. 616, as amended May 22, 1953, June 16, 1972 and October 16, 1972 [The Employment Agency Law, 43 P.S. § 535 et seq.], the following Regulations Governing the Operation of Private Employment Agencies *have been drafted to carry out the intent and purpose of the Act.*

(Emphasis added)

Thus the Regulations were specifically promulgated to help effectuate the Act and are entitled to special consideration.

Section 9.11(a) of the Regulations has been quoted above; as noted, it provides that an applicant "loses" a position when he "has voluntarily or involuntarily terminated employment within two weeks from the starting date." When this definition of "loses" is read into Section 574(m), the section provides:

. . . for a position that the applicant *voluntarily or involuntarily terminates* within a period of ten (10) weeks after the starting date, the fee will be a maximum of ten (10%) percent of the amount earned, except if . . ..

Thus the draftsman of the Regulations interpreted Section 574(m) as appellants argue it should be interpreted. Whether the draftsman arrived at this interpretation because the section seemed "clear and free from ambiguity", and its words "explicit", or because of the legislative history, is immaterial.

■ The judgments of the lower court are reversed, and the case remanded for proceedings consistent with this opinion.

PRICE and VAN der VOORT, JJ., dissent.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.